**64**

Court of Criminal Appeals of Texas.
April 26, 1950.

Joe Burkett, San Antonio, Spurgeon E. Bell, Houston, for appellant.

William N. Hensley, Criminal District Attorney, San Antonio, M. C. Gonzales, Asst. Crim. Dist. Atty., San Antonio, George P. Blackburn, State's Atty., of Austin, for the State.

Joel W. Cook, William H. Scott, Raymond H. Wilson, Melvin S. Cohn, Charles M. Rawson, all of Houston, amici curiae.

BEAUCHAMP, Judge.

Upon original hearing an opinion was entered affirming the judgment of the trial court. Thereafter, and on January 11, 1950, appellant's motion for rehearing was overruled.

Subsequent to the issuance of mandate on the 13th day of January, 1950, the attention of this court was called to an irregularity in the judgment, hereinafter set out. On April 12, 1950, an order was entered recalling the mandate for further consideration of appellant's motion for rehearing. This court has jurisdiction of all matters in the record and, in pursuance thereof, now supplement our opinion on appellant's. motion for rehearing.

This cause was heard by a jury who returned into court the following verdict: "We, the jury find the defendant guilty —first count thereof—as· charged in the indictment and assess his punishment at confinement in the penitentiary for a term of three (3) years."

Upon receiving this verdict it became mandatory on the part of the court to enter judgment accordingly. This he did, in confusing language however, as follows: "It is therefore considered, ordered and adjudged by the Court that the defendant Homer Adams, is guilty of the offense of theft and theft by bailee, to which he has pleaded not guilty, and that he be punished, as has been determined by the jury, at confinement in the State Penitentiary for a term of not less than two nor more than three years."

The phrase "for a term of not less than two nor more than three years" was not authorized by the jury's verdict and, while the same may be construed as a matter of law in cases where the judgment contains a jury's verdict, it is nevertheless confusing and it has long been the practice of this court to reform such judgments when called to our attention.

It further appears from the record that an error was made in copying the jury's verdict into the judgment in that the phrase "the first count thereof" was omitted. It should have been so entered as to show that

the jury found the defendant guilty of theft instead of "theft and theft by bailee," as recited in the judgment.

Our purpose in recalling the mandate was to consider the matter of the correction of the judgment during the present term of court, in order that no further confusion may require additional procedure. It is, therefore, ordered that the judgment of the trial court be and the same is hereby reformed so as to eliminate the words "not less than two nor more than" also "and theft by bailee"; and add thereto, at the proper place, "first count thereof" as contained in the verdict. The paragraph of the judgment above quoted shall read as follows: "It is therefore considered, ordered and adjudged by the Court that the defendant Homer Adams is guilty of the offense of felony theft, to which he has pleaded not guilty, and that he be punished, as has been determined by the jury, by confinement in the State Penitentiary for a term of three (3) years."

The sentence is likewise ordered reformed by eliminating the words "theft by bailee" so as to show that appellant has been adjudged to be guilty of felony theft.

Appellant's motion for rehearing is overruled and the Clerk will now issue a new mandate in terms of law.