## HOMER B. ADAMS V. STATE.

No. 24937. November 8, 1950.
Rehearing Denied December 13, 1950.

Hon. W. W. McCrory, Judge Presiding.

*Joel W. Cook,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

### ON STATE'S MOTION TO DISMISS APPEAL.

DAVIDSON, Judge.

Appellant was convicted in the district court of Bexar County for the offense of felony theft. From that conviction he appealed, and the case became No. 24,492 on the docket of this court.

The judgment of conviction was on the 23rd day of November, 1949, affirmed and, thereafter, appellant's motion for rehearing was, on January 11, 1950, overruled—all as reflected by the opinion of this court reported in (page 63 of this volume) 225 S. W. 2d 568.

The mandate of this court issued on the 13th day of January 1950, upon said affirmance, and appellant surrendered himself into the custody of the state penitentiary authorities to serve the sentence imposed.

Thereafter, it was discovered that the judgment entered in the trial court was irregular because the punishment assessed therein was for an indeterminate period. (Ex parte East, 154 Texas. Crim. Rep. 123, 225 S. W. 2d 833)

Seeking to correct this defect in the judgment, the district attorney of Bexar County, on March 9, 1950, filed a motion in the trial court to have this judgment corrected by a nunc pro tunc order.

On March 13, 1950, appellant being present in person and by counsel, the trial court entered the order as prayed for by state's counsel and validated as of that date by order nunc pro tunc the defective judgment, and on the same day the sentence was re-imposed in accordance with the corrected judgment.

From this judgment of the trial court correcting by nunc pro tunc order the judgment and sentence, this appellant gave notice of appeal to this court. It is this appeal which the state seeks now to dismiss, because of the following facts:

On April 12, 1950, and subsequent to the nunc pro tunc judgments and notice of appeal just above mentioned, this court, upon its own motion, entered an order recalling the mandate theretofore issued, in order to determine the sufficiency of the judgment and sentence. Appellant was ordered released upon his bond, pending final determination of the appeal.

On April 26, 1950, this court corrected the defective judgment to conform to the verdict of the jury, as reflected by the opinion of this court reported in (page 71 of this volume)' 229 S. W. 2d 64. This judgment finally disposed of the case.

All matters here involved having been finally determined, this appeal should be and is dismissed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant takes the position that the effect of the dismissal of his appeal in this cause leaves in full force and effect "the nun pro tunc judgment rendered by the trial court" in addition

to the judgment of this court reforming the trial court's judgment and affirming it as reformed.

If the dismissal of this appeal from the entry of the nunc tunc judgment has the effect of visiting double punishment upon appellant as contended, then he is entitled to relief.

We do not so understand the situation.

Appellant was convicted under an indictment charging the offense of theft of a check for $4,236.00 from Mr. Bowie. He appealed from such conviction and the case was affirmed by this court. See Adams v. State, (page 63 of this volume) 225 S. W. 2d 568.

After the mandate had issued, and upon attention being directed to the irregularity in the form of the judgment, such mandate was recalled for the purpose of reforming it. See Adams v. State, (page 71 of this volume) 229 S. W. 2d 64.

In the opinion reforming the judgment and sentence, we said:

"Our purpose in recalling the mandate was to consider the matter of the correction of the judgment during the present term of court, in order that no further confusion may require additional procedure."

The judgment as reformed and affirmed became the final judgment of this court, and appellant, we understand from the record, is now serving such sentence.

The trial court's order reforming the judgment, from which appellant gave notice of appeal in this cause, was not the entry of another judgment of conviction, but an attempt to correct an irregularity in the form of the judgment which appellant was sentenced to serve and is now serving.

Appellant's contention that the trial court "rendered" a nunc pro tunc judgment is erroneous—as we understand the record, the trial court did not "render" another judgment of conviction. He merely entered an order attempting to correct the records so as to show in the proper language the form of judgment that was called for by the verdict of the jury.

This correction having been made by this court following the

recall of the mandate, the correction by the trial court need not be considered.

The effect of the dismissal of this appeal is to leave the judgment as reformed and affirmed in force and effect, and to hold for naught the trial court's effort to correct the original judgment in the same manner as it was corrected by this court.

The question of the necessity for correction of the judgment became moot after its correction by this court.

If given any effect after the dismissal of this appeal, the nunc pro tunc entry would again order the same correction in the record of this judgment as ordered by this court, and would therefore be superfluous.

Appellant's motion for rehearing is overruled.